(No. 2369—

UNITED STATES OF AMERICA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1934.*

PAUL F. JONES, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For some time prior to June 3, 1929, William Crowley, a Civil War veteran, was a member of the National Home for Disabled Volunteer Soldiers at Danville, Illinois. He died intestate at such institution on said date, leaving no known heirs. Crowley in his lifetime entered into an agreement with said National Soldiers' Home whereby his entire estate, at his death, would vest in the Post Fund of said National Home, provided he died leaving no heirs at law or next of kin.

On June 6, 1929 letters of administration on the estate of said William Crowley were issued by the Probate Court of Vermilion County to S. E. Brittingham, Public Administrator of said County, and upon demand therefor, the estate of the pensioner was turned over to said Public Administrator by said National Home.

Said Administrator thereafter made an inheritance tax return and subsequently paid the sum of Five Hundred Thir-

teen Dollars and Thirty-eight Cents ($513.38) to the County Treasurer of Vermillion County as inheritance tax, which said sum was thereafter paid by said County Treasurer to the State Treasurer of this State.

Claimant contends that under the provisions of the Act of Congress of June 25, 1910, the estate of said William Crowley, under the facts hereinabove set forth, vested in the Board of Managers of said National Home; that said estate was not subject to an inheritance tax and that therefore the amount so paid for inheritance tax as aforesaid should be refunded to the claimant.

The Attorney General admits that said National Home is a charitable institution under Section 28 of the Inheritance Tax Act, and that property passing to such Home is exempt from inheritance tax, and makes no objection to the allowance of the claim.

Award is therefore entered in favor of the claimant for the sum of Five Hundred Thirteen Dollars and Thirty-eight Cents ($513.38).